## FORD V. STATE.

CRIMINAL LAW:  *Failure to attend road working; Indictment; Instruction.*
The defendant was indicted under the first clause of sec. 5907, Mansfield's Digest, for a failure to attend the working of a public road in obedience to the overseer's warning.  On the trial, the court charged the jury that the defendant was entitled to three days' notice of the time and place he was required to attend, but that if he attended in obedience to a shorter notice, this might be taken as a waiver of sufficient notice.  *Held:* That the instruction was not applicable to the allegations of the indictment, since, if the notice given the defendant was not sufficient, or if he in fact attended in obedience to it, in either event he was not guilty as charged.

APPEAL from *St. Francis* Circuit Court.

M. T. SANDERS, Judge.

*N. W. Norton*, for appellant.

1.  It was neither alleged or proved that appellant had three days' actual notice.  The indictment merely charges that he "was duly warned."  This is not the language of the statute, (Mansfield's Digest, sec. 5907, etc.), or of similar import.  A substantial compliance with the language of the statute is necessary.  18 Ark., 363; 39 Id., 216; 33 Id., 140; 41 Id., 226; 43 Id., 71; 47 Id., 488, especially.

2.  The being at the place where the hands were to meet could not operate as a waiver of legal notice; nor can one waive himself into the commission of a statutory crime.  Until legally notified, no duty devolved upon appellant, and none could be required of him.

*Dan. W. Jones*, Attorney General, for appellee.

The demurrer and motion in arrest of judgment were

properly 'overruled. The indictment substantially follows the language of the statute. Mansfield's Digest, sec. 5907; Arkansas Reports, *passim*.

The words, "duly warned," sufficiently charge the three days' warning required by the statute.

A statement in the indictment of the facts necessary to constitute the offence in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, is all that is required. Mansfield's Digest, secs. 2106, 2107; *Dixon v. State*, 29 Ark., p. 165.

The trial court, after telling the jury what it would take to constitute a legal warning, very properly instructed them that, "if they found from the evidence that the defendant did *attend* in obedience to a warning, at the time and place he was notified to appear for work, this, in the absence of evidence to the contrary, would amount to a waiver of sufficient notice."

The indictment is not for "a failure to attend," but for a failure to work the road.

He was indicted under the second clause of sec. 5907, which provides that, "or having attended, shall refuse to obey the orders of the overseer," etc. The language of the trial court in its instruction is "that if defendant did attend in obedience to a warning."

The instruction was properly given.

COCKRILL, C. J.

The charge against the defendant was that being subject to road duty, he neglected to attend at the time and place designated by the road overseer to work on a public road in obedience to the overseer's warning to do so; that he failed

to furnish a substitute, and neglected to pay a money consideration for his failure. See Mansfield's Digest, sec. 5907.

The court charged the jury that the defendant was entitled to three days notice of the time and place he was required to attend, but that if he attended in obedience to a notice of less duration, this might be taken as a waiver of sufficient notice. This appears to have been the whole charge to the jury. It was inapplicable to the allegations of the indictment. The offence alleged was a failure to attend at the time and place designated by the road overseer to work the road. If three days had not intervened between the giving of the notice and the time designated for attendance, or if the defendant appeared in obedience to the overseer's warning, the offence was not committed. If he appeared upon an insufficient warning and submitted himself to the domination of the overseer, and thereafter neglected his duty as a road hand, the insufficiency of the warning would be no defence to a prosecution for such neglect. That offence is punishable under the second clause of the section, but the defendant was indicted under the first clause for a *failure to attend* the road working in obedience to the overseer's warning; and if in fact he did attend in obedience thereto, he was not guilty as charged.

Reverse the judgment and remand the cause for further proceedings.